UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE REED,

    Plaintiff,

v.                                                                          CASE NO.:

VAN DYK MORTGAGE CORPORATION,
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, DARLENE REED ("Plaintiff" or "Ms. Reed") brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, VAN DYK MORTGAGE CORPORATION ("Defendant" or "VDMC") a foreign profit corporation, and resided in Pinellas County, Florida.

4. Defendant operates a mortgage loan business in multiple locations around the United States.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

6. At all times relevant hereto, Plaintiff worked out of Defendant's Clearwater, Florida location where the Defendant employed 50 or more employees within 75 miles.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

8. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff.

9. Plaintiff worked for Defendant from October 15, 2012, through May 6, 2015.

10. During her employment, Plaintiff was an exemplary employee with no significant history of performance, attendance, or disciplinary issues.

11. In late March/early April 2015, Plaintiff notified Defendant's management that she had a potentially cancerous growth on her leg, and needed to have surgery on April 10, 2015, to remove same. As a result, Plaintiff explained that she would need to miss time from work to recover from same.

2

12. Plaintiff's initial report to VDMC about her serious health condition and need for surgery should have prompted VDMC to provide her with a notice of her entitlements and obligations pursuant to the FMLA in relation to her serious health condition.

13. Plaintiff's initial report to VDMC about her chronic health condition required VDMC to provide Plaintiff with forms for her doctors and medical team to fill out, which would protect her during her necessary FMLA leave.

14. Defendant failed to comply with the FMLA in that it provided no information or forms to Plaintiff to complete, so that her medical leave time away from work would be protected. This violates 29 C.F.R. 825.300(b)(l).

15. On April 10, 2015, Plaintiff proceeded with her surgery, and expected to be able to return to work on Monday, April 13, 2015.

16. However, because the surgery was more complicated and required larger incisions than initially estimated, Plaintiff was unable to apply pressure to her right leg and return as expected.

17. As a result, she contacted the head of her processing department, Jen Kersey, and informed her that she would be working from home that day as many, if not all, non FMLA protected employees were permitted to do so when needed.

18. On April 14, 2015, Plaintiff attempted to return to work, however, was still not feeling well and once again contacted Ms. Kersey to inform her that she would once again be working from home.

19. At no time did Defendant offer Plaintiff the opportunity to not work at all during her recovery by giving her the opportunity to apply for FMLA.

20. On April 15, 2015, although Ms. Reed was still not able to apply pressure to her right leg, she returned to work because she did not want to miss any more days, and

3

she was being pressured to return to work earlier than she was able which is, itself, another form of FMLA interference.

21. Upon return to work on April 15, 2015, Ms. Reed was reprimanded by her team leader, Ms. Spirou-Whitaker for having taken necessary medical time away from work.

22. Specifically, Ms. Spirou-Whitaker, in the middle of the hallway, screamed at Ms. Reed stating that she was sick and tired of covering for her at work during her absence and working on Ms. Reed's files while she was out on medical leave. This, of course, is direct evidence of Ms. Spirou-Whitaker's animus toward Plaintiff for taking necessary medical leave.

23. Additionally, Ms. Spirou-Whitaker questioned the severity of Plaintiff's injury and suggested that medical time off was not needed when it was taken.

24. From that point forward, Ms. Spirou-Whitaker made Plaintiff's work life miserable, by nit-picking at her work, threatening and insulting Plaintiff, and holding Plaintiff to standards and expectations that other employees, who were not previously out on medical leave, were not subjected to.

25. Based on this conduct, Plaintiff decided to file a formal complaint against Ms. Spirou-Whitaker with human resources.

26. On April 27, 2015, Plaintiff had a phone conference with the human resource manager, Marisa McStravic, during which Ms. McStravic apologized for the inappropriate treatment that Ms. Reed had been receiving from Ms. Spirou-Whitaker based on her medical leave.

27. Within two (2) weeks of this discussion, and on May 6, 2015, Defendant

retaliated against Plaintiff by terminating her employment. Not surprisingly, it was Ms. Spirou-Whitaker who terminated her in retaliation for Plaintiff's medical leave, and complaining about Ms. Spirou-Whitaker's actions toward her regarding same.

28. The short temporal nexus between Plaintiff's protected medical leave, her complaint to HR, and her termination demonstrates a causal connection between the two events.

## FMLA INTERFERENCE/ RETALIATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above.

30. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff exercised her right to take leave from work under the FMLA.

31. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA.

32. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, as she required surgery and time off from work, and requested medical leave for same.

33. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA, as she disclosed her "serious health condition" to Defendant and need for FMLA leave.

34. Defendant interfered with and retaliated against Plaintiff for exercising her rights under the FMLA, because Defendant terminated Plaintiff upon return from her FMLA leave and complaining about Ms. Spirou-Whitaker's retaliation toward her for same , and because Defendant failed to provide Plaintiff with the documentation required by 29 C.F.R. 825.300(b)(l) to protect her leave as FMLA qualifying.

5

35. Defendant refused to allow Plaintiff to return to her job, or to an equivalent position, after necessitating and requesting FMLA eligible leave, and instead, pretextually fired her and replaced her with someone who was not on FMLA and who was not as qualified as Plaintiff.

36. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

37. As a result of Defendant's intentional, willful and unlawful acts by interfering and retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

Plaintiff demands trial by jury on all issues so triable.

DATED this 27th day of July 2016.

By: /s RICHARD CELLER
Richard Celler, Esq.
FL Bar No.: 173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (866) 344-9243
Fax: 954-337-2771
E-mail:
richard@floridaovertimelawyer.com